

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

August 25, 2008

**BY HAND**
Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Suite 1030
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
8/25/08
John G. Koeltl, U.S.D.J.

Re: <u>Jeremiah Wilson, et al. v. City of New York, et al.</u>
08 CV 5678 (JGK)(JCF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Monday, August 25, 2008 until Wednesday, September 24, 2008, for defendant City to answer or otherwise respond to the complaint. Plaintiffs' counsel has consented to this application.

In the event that Your Honor grants the application for an extension of time to respond to the complaint, defendants also request that the initial conference in this matter, currently scheduled for Tuesday, September 2, 2008 at 4:30pm, be adjourned until sometime in October after defendants have responded to the complaint and issue is joined. Additionally, the undersigned will be involved in preparing for trial in a federal lawsuit before the Honorable Thomas J. Griesa to commence on Monday, September 22, 2008. Plaintiffs' counsel has consented to this application as well.

In the complaint, plaintiffs allege, *inter alia*, that on April 11, 2007, they were subjected to excessive force by members of the New York City Department of Correction. There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiffs for execution releases for their medical records. Also, as the complaint does not

indicate the disposition of the plaintiffs' criminal charges but infers that plaintiffs were pre-trial detainees while incarcerated at DOC, this office will be forwarding to plaintiffs for execution consents to the designation of the Corporation Counsel as plaintiffs' agent for the release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, the official records concerning plaintiffs' arrests, including many of DOC's records, may be sealed. If the records are sealed, we may be unable to obtain them from DOC or any other source without the 160.50 designation. Without the medical and DOC records, defendant City cannot assess this case or properly respond to the complaint.

Second, based upon the civil docket sheet, it appears that none of the individual defendants has yet been served. The extension should allow time for plaintiffs to serve these individual defendants with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent all or some of the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to September 24, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc:    Nicole Bellina, Esq. (by fax)

2